JOHN JAMES and another *against* SAMUEL G. ANDREWS
and others.

The statute of 1842 (chap. 277), reducing the time of advertising, to fore-
close a mortgage, from 24 to 12 weeks, applies to *all* mortgages ; whether
executed prior or subsequent to its passage.

That act is not void as impairing the obligation of the contract.

A mortgage authorized a sale, in case of default, "in the manner pre-
scribed by law." *Held* that this was prospective, and related to the law
which might be in force when the power *came to be executed.*

A MORTGAGE was *executed in* 1837, upon lands in
Monroe county, containing a power of sale, by which
the mortgagee was authorized, "in case default should
be made in the payment of the sum secured," &c., "at
any time thereafter to sell the premises, or any part
thereof, *in the manner prescribed by law,*" and out of
the proceeds of the sale to pay the amount due, with
costs of sale, &c. Subsequent to the act of April 12th,
1842 (ch. 277), the mortgage was foreclosed under an ad-
vertisement of 12 *weeks*, and the premises bid off at the
sale, by one of the defendants. The bill in this cause
was filed by a subsequent mortgagee, to redeem, on the
ground that the statute of 1842, reducing the time of ad-
vertising to foreclose a mortgage under a power, from 24
weeks to 12, did not apply to a mortgage executed prior
to its passage ; and if it did, that the statute was void,
as impairing the obligation of the contract.

*Held*, that the statute applied to all mortgages,
whether executed prior or subsequent to its passage.

That it did not impair the obligation of the contract;
that the reference, in the power in question, *to the law,*
for the manner of its execution, was prospective, and
related to the law which *might be in force when the
power came to be executed.*